# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

CHANSE T. STARR,

    Plaintiff,

v.          CAUSE NO.: 1:19-CV-117-HAB

GREGORY FUMEROLO,

    Defendant.

## OPINION AND ORDER

Chanse T. Starr, a prisoner proceeding without a lawyer, filed a Complaint against Attorney Gregory Fumerolo. Attorney Fumerolo was appointed to represent Starr on a probation violation. Starr alleges that Attorney Fumerolo lied to him, mislead him, and allowed him to plead to a violation that he did not commit. As a result, Starr is now serving a four-year sentence. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While

the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that the defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the State and the attorney is not acting under color of state law. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Thus, the Complaint does not state a claim.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), it is not necessary where the amendment would be futile, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the Complaint does not state a claim upon which relief may be granted.

SO ORDERED on May 6, 2019.

                                       s/ *Holly A. Brady*
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT